## Chester Fire Department Drivers' Association, Inc., v. Comisiak

*Clement C. McGovern,* for plaintiff.

*Joseph W. de Furia,* for defendants.

*Albert Blumberg,* for intervening defendant.

SWENEY, P. J., November 17, 1960.—This action in mandamus has been brought by plaintiff, the Chester Fire Department Drivers' Association, Inc., to compel the City of Chester to pay over to plaintiff association an one-half share of the proceeds received by the City from the State treasurer, as its pro rata share of foreign fire insurance company taxes.

The Volunteer Firemen's Relief Association of Chester was granted leave to intervene as a party defendant.

Counsel for the respective parties to this litigation entered into a stipulation which recites certain agreed facts which the court adopts as follows:

### Findings of Fact

1. Plaintiff, Chester Fire Department Drivers' Association, Inc., is a nonprofit corporation incorporated under the provisions of the Nonprofit Corporation Law, Act of May 5, 1933, P. L. 289, art. II, as amended, in the Court of Common Pleas of Delaware County, by decree dated December 6, 1957, 1568 September term, 1957, as recorded in charter book N at page 444, etc.

2. Defendant, the City of Chester, is a Third Class City under the laws of this Commonwealth, situate in the County of Delaware and State of Pennsylvania, and defendant, Mrs. M. Lawrence Comisiak, is the duly qualified treasurer of the said City of Chester.

3. Intervening defendant, Volunteer Firemen's Relief Association of Chester, is a nonprofit corporation incorporated under the provisions of the Act of April 29, 1874, P. L. 73, in the Court of Common Pleas of Delaware County, by decree dated December 14, 1896, as amended February 28, 1930, charter book B, page 355; charter book H, page 170.

4. Plaintiff's membership is restricted to the paid fire apparatus drivers and tillermen of the several volunteer fire companies in the City of Chester. All of said drivers and tillermen are paid by their respective volunteer fire companies and not by the City of Chester. Each of said drivers and tillermen is a member of a volunteer fire company which is affiliated with the intervening defendant and, as such, is entitled to the privileges and benefits provided by intervening defendant.

5. Plaintiff, on October 22, 1958, established a pension plan and fund for the payment of retirement pensions to those of its members who qualified under the said plan.

6. Plaintiff's pension plan and fund are financed by contributions of three percent of earnings received by members from their employing volunteer fire companies. However, not all of the said employes of the volunteer fire companies are members of plaintiff association, and not all members of plaintiff association contribute to the said plan and fund. It is contemplated by plaintiff association that in the future there may be contributions from other sources.

7. The City of Chester, during the year 1959, received through its treasurer, from the State Treasurer of Pennsylvania, payments of a proportionate share of the net amount received from the two percent tax paid upon premiums by foreign insurance companies, by virtue of the Act of June 28, 1895, P. L. 408, as amended, 72 PS §2262.

8. Under the provisions of the said Act of Assembly, the city treasurer and the City of Chester have heretofore received from the State Treasurer of Pennsylvania full or partial payment of its proportionate share of the proceeds of said tax upon foreign fire insurance premiums, and now hold the same subject to this action.

9. The Act of Assembly of the Commonwealth of Pennsylvania of June 28, 1895, P. L. 408, as amended, 72 PS §2262, provides:

"(a) On and after the first day of January, one thousand nine hundred and nineteen, and annually thereafter, there shall be paid by the State Treasurer to the treasurers of the several cities, towns, townships, and boroughs within the Commonwealth, the entire net amount received from the two per centum tax paid upon premiums by foreign fire insurance companies. The amount to be paid to each of the treasurers of the several cities, towns, townships, and boroughs shall be based upon the return of said two per centum tax upon premiums received from foreign fire insurance companies doing business within the said cities, towns, townships, and boroughs, and shall be proportionate to the premiums received by such companies on account of insurance written upon property located in such city, borough, town or township, as shown by the report made to the Department of Revenue. *Each city, borough, town or township, receiving any payment from the State Treasurer hereunder, shall forthwith pay the amount received to the relief fund association of, or the pension fund covering the employes of the fire department, or of such fire company, or fire companies, paid or volunteer, now existing, or hereafter organized, in such city, borough, town, or township, as is or are engaged in the service of such city, borough, town, or township, and duly recognized as such by the council or commissioners or supervisors, as the case may be, of such city, borough, town, or township.*" (Italics supplied.)

10. Heretofore, the Council of the City of Chester has recognized intervening defendant as being solely entitled to all foreign fire premium tax payments. Plaintiff association has never been recognized by the Council of the City of Chester as being entitled to

said foreign fire insurance premium tax payments or any portion thereof.

### Discussion

Following the above quotation from the Act of June 28, 1895, P. L. 408, as amended, there is this paragraph:

"Provided, That if the fire department consists of paid and volunteer firemen and the paid firemen shall be covered by a pension fund, then the two per centum tax aforesaid shall be divided equally between the relief fund association of the volunteer firemen and the pension fund for the paid firemen."

Plaintiff asks us to find that, under this provision, the court should mandamus City Council to recognize them as a proper recipient of one half of the moneys received by the city from the state on foreign insurance company taxes. In support of this position, plaintiff refers us to the cases of Volunteer Firemen's Relief Association v. City of Reading, 5 D. & C. 2d 405 (1955); Firemen's Pension Fund v. Minnaugh, 80 D. & C. 297 (1951), and Firemen's Pension Fund v. Harrisburg, 362 Pa. 432 (1949).

The question raised here and in the suggested cases is does the above-quoted provision apply to the city which has fire departments or does it apply to municipalities, other than cities, which have no fire departments of their own and must depend upon neighboring companies for protection. Plaintiff and the cases which it cites favor the first interpretation but we cannot agree. It seems to us that the law is clear that the fact of recognition is within the province of the city and this court has no right, by mandamus or otherwise, to order such recognition.

As this writer construes the statute, the foregoing provision relates only to the manner in which a borough, town or township in which there is no fire department or fire company or companies shall remit

its pro rata share of the tax to its near or adjacent city, borough, town or township which affords fire protection. And, even then, it appears that payment must be made to the fire company or companies that have been duly recognized by the local governing body.

As a matter of public policy, it is the opinion of this court that plaintiff association should have an adequate pension fund for its members who represent full-time fire fighters for the protection of the citizens of the City of Chester. With its present limited resources its pension fund can provide only meager benefits to its worthy members. Be that as it may, this statute does not afford plaintiff any interest in, or share of the tax monies, unless and until the City of Chester gives it recognition.

## Conclusions of Law

1. Plaintiff association does not qualify for a pension plan covering the paid employes of the fire company of the City of Chester, within the meaning of the Act of June 28, 1895, P. L. 408, as amended.

2. Defendants, City of Chester and Mrs. M. Lawrence Comisiak, Treasurer of the City of Chester, cannot be compelled by this action in mandamus to recognize plaintiff as a pension plan entitled to participate in the distribution of the proceeds of foreign fire insurance premium tax.

## Final Decree

And now, November 17, 1960, it is ordered, adjudged and decreed as follows:

1. The motion for judgment upon the pleadings is dismissed.

2. The action for mandamus, herein filed, is dismissed.

3. Judgment is entered herein in favor of defendants.

4. An exception is noted for plaintiff.